# M. M. WHEELER
## v.
# WAYNE COUNTY.

*Real Property—Conveyance by County—Expenses of Litigation—Promises to Pay—Validity of—Quiet Enjoyment—Covenant.*

1. A binding promise to pay can only be made on behalf of a county by its board of supervisors while acting in conformity with the law.

2. Liability on the part of a county to pay the expenses of defending a suit brought against a grantee of lands conveyed by it, must exist, if at all, by virtue of a covenant for quiet enjoyment and can not arise in consequence of a promise subsequently made.

[Opinion filed March 1, 1889.]

IN ERROR to the Circuit Court of Wayne County; the Hon. C. S. CONGER, Judge, presiding.

Messrs. H. TOMPKINS and RUFUS COPE, for plaintiff in error.

Messrs. CREIGHTON & SIBLEY, for defendant in error.

PHILLIPS, J.    Plaintiff in error brings his action in assumpsit against the county of Wayne, averring that the county of Wayne was the owner of certain lands in Wayne county, and conveyed those lands, by way of mortgage, to a trustee, to secure certain railroad bonds, and subsequently conveyed a part of those lands to plaintiff in error.    He also avers that a bill was filed in the United States Circuit Court to foreclose such mortgage, and defendant in error made party defendant, and a decree of foreclosure entered, and sale under that decree; that plaintiff in error was not made party defendant. That plaintiff in error filed his bill in the Circuit Court of Wayne county to vacate and set aside the deeds of the master in chancery and the deed of trust, and in consideration of filing such bill the defendant in error "did agree with the plaintiff that the defendant would pay all costs, expenses and attorney's fees occasioned by such proceeding," and that plaintiff incurred attorney's fees and costs and expenses to the amount of $1,000.

The second count avers that after the execution of the deeds and mortgage in first count mentioned, a suit in chancery was begun in the Circuit Court of the United States for the Southern District of Illinois, wherein J. C. Cloyd et al. were complainants, and plaintiff et al. were defendants, to re-foreclose said mortgage; that defendant requested the plaintiff to make defense to said suit and promised said plaintiff to pay to him all costs, expenses and attorney's fees which he should reasonably incur in such defense; that defendant did make a part payment; that the plaintiff, relying on said promise, employed an attorney and incurred liability for

costs, expenses and attorney's fees to the amount of $1,000. And the defendant being so liable, after an accounting between the parties, there was found due the plaintiff the sum of $1,000, which defendant did promise to pay the plaintiff. A demurrer to the declaration was sustained and plaintiff sues out this writ of error.

The question of the liability of the county of Wayne on the covenants of its deed to plaintiff is not presented by this declaration, as the action is not brought on the covenants of the deed; but recovery is sought on an alleged promise of the county of Wayne to pay costs, expenses and attorney's fees incurred by plaintiff, in consideration that plaintiff should institute a certain action to set aside a master's deed and a deed of trust made by defendant in error, and in consideration that he would defend a certain suit in which plaintiff was made defendant. The county can only act through its board of supervisors, and only by the record made by the board can a promise be made by the county, and no such promise can be made whereon a recovery can be had, except in so far as the county board can act in pursuance of duties prescribed by law. In the absence of a covenant for quiet enjoyment, no liability could lawfully exist, even if a promise were made to pay the expense of defending a suit brought against a grantee in a deed by the county, and in such case the liability must exist by virtue of the covenant only, and not in consequence of a promise subsequently made and based on no valuable consideration, so far as this declaration shows.

There is no averment showing that the defendant is not in possession of the lands, and it does not appear that there is a covenant against incumbrance. Even if such covenant were shown, the action would have to be on the covenant. To hold an action might be maintained on a promise in consequence of the covenant having been made, would open the door to creating a liability against the county greater than could be had by virtue of the covenant. There is no such promise averred in this declaration as a county would be authorized to make. There was no error in sustaining the demurrer to the declaration, and the judgment is affirmed.

*Judgment affirmed.*